ELEVATOR SUPPLY & REPAIR CO. v. NEW & BEAVER ARCADE CO.
et al.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 139.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—ELEVATOR SIGNALING APPARATUS.

The Payne patent, No. 1,108,782, for electric signaling device for elevators, covers only improvements on the prior art, and the claims must be strictly limited to the devices described and shown. Claim 3, as so limited, *held* not infringed.

2. PATENTS ☞328—INFRINGEMENT—ELEVATOR SIGNALING APPARATUS.

The Andren patent, No. 1,109,950, for an elevator signaling apparatus, *held* not infringed.

Appeal from the District Court of the United States, for the Southern District of New York.

Suit in equity by the Elevator Supply & Repair Company against the New & Beaver Arcade Company and Franz A. Boedtcher. Decree for defendants, and complainant appeals. Affirmed.

On appeal from a decree dismissing the bill alleging the infringement of the Payne and Andren patents, owned by the complainant. No opinion was delivered in the court below.

Newell & Neal, of New York City (Emerson R. Newell, of New York City, of counsel) for appellant.

James H. Griffin, of New York City, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COXE, Circuit Judge.  The Payne and Andren patents in controversy are owned by the complainant.  They relate to signal apparatus for elevators.  The alleged infringing devices were installed by the defendant Boedtcher in the elevator system in the New & Beaver Arcade Building, New York.  Claim 3 of the Payne patent and claims 1, 3, 4, 5, 10, 12, 14, 15, 18 and 19 of the Andren patent are involved.

[1] The Payne patent No. 1,108,782 relates to the same subject-matter covered by the earlier patents granted to McLean and to Payne himself.  It is at best only an improvement over what is disclosed in the prior patents.  McLean has a single door switch with two circuits passing through it;  Payne has dispensed with one of these circuits and utilizes a single circuit for controlling the up and down restoring magnets which was the method employed by many of the prior art commutator systems.  The patent in suit embodies only minor changes over the prior patent to Payne No. 756,275, viz., the manually operated door switches which were old and are shown in the McLean patent No. 728,409.

The Payne patent contains 43 claims, but one only—claim 3—is involved;  it is as follows:

"3. In an elevator signaling apparatus in combination, a car, electrically-operated signaling means, means for operating the same comprising an up and a down passenger's-button at a floor and mechanism corresponding to and set by each button, an electrically-controlled restoring means for each passenger's-button-set mechanism, a single normally open switch controllable by the car-operator, and a circuit-shifting switch serving to connect said single normally-open switch with said restoring means alternately."

We have here a combination containing the following elements:
1. A car;
2. Electrically-operated signaling means;
3. Means for operating the same comprising an up and a down passenger's-button at a floor;
4. Mechanism corresponding to and set by each button;
5. An electrically-controlled restoring means for each passenger's-button-set mechanism;
6. A single normally open switch controllable by the car operator;
7. A circuit-shifting switch serving to connect said single normally-open switch with said restoring means alternately.

It is not pretended that this combination produced any broadly new results or in any way revolutionized the art.  The patentee distinctly says that his object is "to improve upon constructions heretofore used, and particularly to improve upon the construction set forth in my prior patent."

In other words, the patent is intended to cover the improvements which the patentee contends he has contributed to an art which was occupied by many skillful and ingenious electricians.  So far as the patent in suit is concerned, Payne cannot be considered as a pioneer, but only an improver upon existing structures and methods.  Claim 3, if sustained, must be limited, in view of the prior patents to Payne and McLean, to the structures having the elements enumerated above.  There is no room for the application of the doctrine of equivalents.

One of the features of the plaintiff's system is "a maintaining circuit" which the defendant does not use; neither does it use the "single normally open switch"; it employs two switches. It does not employ the Payne maintaining circuit or the fourth or seventh element of the combination, as stated above.

[2] But little need be said regarding the Andren patent. During the trial the counsel for the complainant frankly stated as follows:

"We are perfectly free to admit that prior art patents, prior to Payne and Andren has commutators; commutator apparatus to set and restore signals. That is old. We all know that.

"The Court: That is a selective apparatus?

"Mr. Newell: Yes, sir; selective for setting and selective for restoring."

The first claim is as follows:

"In an elevator car signaling apparatus, the combination of a signaling device, means for automatically and selectively restoring the signal, and a centrifugal governor operated by the car and controlling said restoring means."

It is unnecessary to recite them all. All of these claims have as an element, in somewhat differing language, automatic means for selectively restoring the signals. Claim 14 has an element, "a switch controllable by the operator of the car,'" which the defendant does not have. We think the court properly construed the words "governed by the stopping of the car," etc., as not applicable to the defendant's system.

We are of the opinion that these causes were correctly decided and that the decrees should be affirmed.